## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MARSHALL BELL, II and
FELITA BELL,

               Plaintiffs,

       v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

               Defendant.

CIVIL ACTION NO.

1:21-cv-04819-JPB-RGV

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Plaintiffs Marshall Bell, II and Felita Bell, jointly referred to as "plaintiffs,"
filed this action against defendant Portfolio Recovery Associates, LLC ("PRA"), on
November 22, 2021, alleging violations of the Fair Debt Collection Practices Act
("FDCPA"), 15 U.S.C. § 1692, et seq.  [Doc. 1].[1]  On September 29, 2022, plaintiffs
moved to voluntarily dismiss their claims, [Doc. 26], because, based on plaintiffs'
deposition testimony, "it became apparent that they had made misrepresentations
in this case to their counsel regarding various matters," [id. at 1], but plaintiffs
subsequently filed a notice withdrawing their motion to dismiss on October 4,
2022, [Doc. 28], stating simply that it was "filed in error," [id. at 1].  PRA then filed

---

[1] The listed document and page numbers in citations to the record in this Final
Report and Recommendation refer to the document and page numbers shown on
the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

a motion for leave to depose Gary Hansz ("Hansz"), counsel for plaintiffs, [Doc. 33], based on plaintiffs' testimony that Hansz was the moving force in withdrawing their motion to voluntarily dismiss given plaintiffs' inconsistent and equivocal testimony regarding whether they want to dismiss the case, see [id. at 4-6], and the motion to depose Hansz, which plaintiffs did not oppose, was granted on November 17, 2022, [Doc. 34].  The following day, plaintiffs filed a motion for summary judgment, [Doc. 36], and PRA sought an extension of time to respond to plaintiffs' motion for summary judgment until Hansz could be deposed, [Doc. 38].  The Court granted PRA's motion, extending the deadline to depose Hansz until January 30, 2023, and extending the time for PRA to respond to plaintiffs' motion for summary judgment until 30 days after Hansz's deposition. [Doc. 39].   On December 21, 2022, plaintiffs filed a motion to voluntarily dismiss this action with prejudice, [Doc. 40], to which PRA has responded, [Doc. 43], and plaintiffs have filed a reply in support of their motion to voluntarily dismiss this action, [Doc. 44].   For the reasons that follow, it is **RECOMMENDED** that plaintiffs' motion to voluntarily dismiss this action, [Doc. 40], be **GRANTED** and that this action be **DISMISSED WITH PREJUDICE**, and that plaintiffs' motion for summary judgment, [Doc. 36], be **DENIED** as moot, but that plaintiffs and their

2

counsel be required to show cause why they should not be ordered to pay the reasonable costs and attorney's fees PRA incurred in defending this action.

Plaintiffs initiated this action on November 22, 2021, alleging that PRA violated provisions of the FDCPA.  [Doc. 1].  On July 28, 2022, PRA deposed the plaintiffs, [Doc. 33 at 2 (citation omitted)], and on September 29, 2022, plaintiffs moved to voluntarily dismiss their claims because, based on plaintiffs' deposition testimony, "it became apparent that they had made misrepresentations in this case to their counsel regarding various matters," [Doc. 26 at 1].   In particular, the motion to voluntarily dismiss indicated that "it was not until the depositions were conducted that [p]laintiffs' counsel learned of the untrue statements made by [p]laintiffs regarding contact with mortgage company and other issues." [Id. at 2].  However, a few days later, Hansz emailed PRA's counsel on October 4, 2022, to inform them that he was going to seek admission *pro hac vice* in this case and would be withdrawing the motion to dismiss.  [Doc. 33-2 at 1].  That same day, plaintiffs, through their only counsel of record at the time, Jack Morris Downie ("Downie"), filed a notice withdrawing their motion to dismiss, stating simply that it was "filed in error."  [Doc. 28 at 1].

On October 7, 2022, Hansz applied for admission *pro hac vice*, [Doc. 30], and his application was granted on October 11, 2022, see [Docket entries dated

10/11/2022].  Two days later, PRA deposed plaintiffs for a second time, with Downie appearing on behalf of both plaintiffs.[2]  [Docs. 33-1 & 33-3].  During these depositions, plaintiffs testified about the misrepresentations mentioned in their motion to voluntarily dismiss and about Hansz's role in the decision to withdraw the motion to dismiss, which was filed before Hansz sought admission *pro hac vice*. See [Docs. 33-1 & 33-3]; see also [Docs. 26 & 30].  Thereafter, PRA sought to depose Hansz based on plaintiffs' testimony that he was the moving force in plaintiffs withdrawing their motion to voluntarily dismiss given plaintiffs' inconsistent and equivocal testimony regarding whether they want to dismiss the case.  See [Doc. 33 at 4-6]; see also [Doc. 33-1 at 18-25 (when asked whether she wanted to move forward with dismissal of the case, Felita Bell testified that she was "not 100 percent sure"); Doc. 33-3 at 19-20, 25-26 (when asked why he filed a withdrawal of the motion to dismiss, Marshall Bell testified that he "was going with what the attorney said," he "was just being led by him," and Hansz "said we had to," despite also repeatedly testifying that he wanted to dismiss the case).  PRA sought to determine, at a minimum:

---

[2] Hansz appeared briefly at the end of Felita Bell's deposition.  [Doc. 33-1 at 20, 25-26].

1. Why counsel continue[d] pursuit of a case in which [p]laintiffs ha[d] unequivocally testified that their claims [were] based upon misrepresentations;

2. Why counsel filed a motion and subsequent notice of withdrawal of that motion where [p]laintiffs [were] patently confused by the direction they [sought] to take;

3. What [ ] Hansz' relationship to [p]laintiffs and this case [was]; and

4. If [ ] Hansz [was p]laintiffs' counsel, when and how that relationship began and the details surrounding any such representation as they relate to the instant litigation.

[Doc. 33 at 7 (citation omitted)].  Since plaintiffs did not respond to PRA's motion for leave to depose Hansz regarding these matters, the motion was deemed to be unopposed, see LR 7.1(B), NDGa., and the Court granted the motion on November 17, 2022, [Doc. 34].

The next day, plaintiffs filed a motion for summary judgment, [Doc. 36], and on December 7, 2022, PRA sought an extension of time to respond to plaintiffs' motion for summary judgment until Hansz could be deposed, [Doc. 38].  The Court granted PRA's motion, extending the deadline to depose Hansz until January 30, 2023, and extending the time for PRA to respond to plaintiffs' motion for summary judgment until 30 days after Hansz's deposition.  [Doc. 39].  Hansz has not been deposed.  Instead, on December 21, 2022, plaintiffs filed a motion to voluntarily dismiss this action with prejudice, [Doc. 40], asserting that they "seek

a dismissal of their case as they believe they cannot continue with their case in light of the representations and pleadings before this Court," [id. at 2], and requesting "that the case be dismissed in its entirety with prejudice and without fees and costs to either party," [id. at 3].

In its response to plaintiffs' motion to voluntarily dismiss, [Doc. 43], PRA does not oppose dismissing this action with prejudice but asserts that it "has expended substantial time and resources into the defense of this matter, including, extensive document discovery, third party discovery, and the taking of both [p]laintiffs' depositions twice," [id. at 9].  Therefore, PRA "requests that in the event of a dismissal with prejudice of [p]laintiffs' claims that the Court retain jurisdiction of this matter for the imposition of sanctions, fees, and costs, as may be appropriate, and further requests leave to file its motion for fees and costs within thirty (30) days of the Court's ruling on [p]laintiffs' [m]otion to [d]ismiss," [id. at 2], arguing that "it is patently clear that the second [m]otion to [d]ismiss is being utilized, in part, by [p]laintiffs' counsel to evade this Court's discovery orders and avoid Hansz's deposition," [id. at 6 (internal citation omitted)].  PRA further "requests that the Court retain jurisdiction to compel [ ] Hansz to sit for his deposition as previously ordered by the Court and that such deposition take place before the timeframe for PRA to file its motion for fees and costs," [id. at 7], and

6

"for the consideration of any other sanction the Court may deem appropriate under the circumstances," [id. at 10 (citations omitted)].   In reply, plaintiffs and their counsel "deny PRA's allegations of disregard of this Court's orders and misuse of the litigation process and conduct driving baseless litigation" and oppose PRA's request "for additional discovery, depositions, and an award of attorney fees and costs and any other sanction it requests in this case." [Doc. 44 at 1-2].

Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . .   Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2). "The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir. 1976).[3] "[T]he district court must exercise its broad equitable discretion under Rule 41(a)(2) to weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such

---

[3] Decisions of the Fifth Circuit rendered before October 1, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

conditions to the dismissal as are deemed appropriate." <u>McCants v. Ford Motor Co.</u>, 781 F.2d 855, 857 (11th Cir. 1986) (citations omitted); <u>see also</u> <u>Arias v. Cameron</u>, 776 F. 3d 1262, 1268 (11th Cir. 2015) (citation omitted) (explaining that "[a] district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)"); <u>Jones v. Smartvideo Techs., Inc.</u>, No. 1:06-cv-2760-WSD, 2007 WL 1655855, at *3 (N.D. Ga. June 4, 2007) (citation omitted) (stating that "[i]f a court grants a dismissal without prejudice under Rule 41(a)(2), it possesses broad discretion in determining what terms and conditions, if any, should be imposed as a condition for dismissal").

Plaintiffs move to dismiss this action with prejudice and without fees and costs to either party. [Doc. 40]. PRA does not oppose dismissal of this action with prejudice, [Doc. 43], but it maintains that sanctions, fees, and costs, as appropriate, should be imposed on plaintiffs and their counsel for bringing this baseless litigation that has caused it to expend "substantial time and resources into the defense of this matter, including, extensive document discovery, third party discovery, and the taking of both [p]laintiffs' depositions twice," [<u>id.</u> at 9]. The record before the Court is not adequate to determine the propriety of conditioning dismissal of the action upon payment of PRA's attorney's fees and expenses or imposing sanctions for non-compliance with the Court's Orders regarding

deposing Hansz.  However, there is a sufficient basis in the record to support further inquiry into the matter since plaintiffs have twice moved to voluntarily dismiss this action but have not provided an explanation for withdrawing their original motion to voluntarily dismiss this action or for filing their second motion to voluntarily dismiss after the Court granted the motion to depose their counsel, Hansz, who has not yet been deposed.  See Absolute Activist Value Master Fund, Ltd. v. Devine, 998 F.3d 1258, 1266 (11th Cir. 2021) (citations omitted) (holding "that even when a voluntary dismissal disposes of an entire action, district courts retain jurisdiction to consider at least five different types of collateral issues: costs, fees, contempt sanctions, Rule 11 sanctions, and motions to confirm arbitral awards"); Lickerish, Ltd. v. Teton Grp. Holdings, Inc., Case No. 18-cv-14432-MIDDLEBROOKS, 2019 WL 8014473, at *1 (S.D. Fla. Aug. 30, 2019) (citation omitted) (retaining jurisdiction to consider the issue of whether defendant was entitled to costs and attorney's fees where it was the only contested issue in plaintiff's motion to dismiss the lawsuit); see also Viyella v. Nicor, CASE NO. 19-25094-CIV-ALTONAGA/Goodman, 2020 WL 6379370, at *2 (S.D. Fla. Oct. 21, 2020) (citations omitted) (conditioning dismissal on plaintiff's repayment of defendant's litigation costs where, despite limited discovery being conducted, plaintiff "filed numerous motions over almost one year seeking to avoid the

arbitration proceeding to which he ha[d] ultimately consented, [which required] the parties to engage in extensive motion practice and expend significant time and resources"); Olsson ex rel. Olsson v. Gross, Civil Action No. 08–2567–CM, 2010 WL 654747, at *1, 3-4 (D. Kan. Feb. 23, 2010) (citations omitted) (declining to impose defendant's requested condition for dismissal of continuation of a witness's deposition upon refiling, but noting that "[t]he court considers the unique circumstances of each case, and in reaching its conclusion, endeavors to ensure substantial justice is accorded to both parties," and "it is typical to impose as a condition of dismissal without prejudice that the plaintiff pay the defendants' expenses, which usually includes a reasonable attorney's fee").

Accordingly, it is **RECOMMENDED** that plaintiffs' motion to voluntarily dismiss this action, [Doc. 40], be **GRANTED** and that this action be **DISMISSED WITH PREJUDICE**, and that plaintiffs' motion for summary judgment, [Doc. 36], be **DENIED** as moot, but that the Court retain jurisdiction to determine whether any sanctions should be imposed and require plaintiffs and their counsel to show cause why they should not be ordered to pay the reasonable costs and attorney's fees PRA incurred in defending this action, and if plaintiffs and their counsel oppose such an award, to also show cause why Hansz should not be deposed, and

refer the matter back to the undersigned for further proceedings regarding whether to impose sanctions.

**IT IS SO RECOMMENDED**, this 19th day of May, 2023.


RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

11