**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| Marshall Bell II and Felita Bell, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) CASE NO.1:21-cv-04819-JPB-RGV |
| v. | ) |
| | ) |
| Portfolio Recovery Associates, LLC, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFFS' RESPONSE TO SHOW CAUSE ORDER (ECF DOC. NO 51)

NOW COME the Plaintiffs Marshall Bell and Felita Bell ("Plaintiffs") by and through their counsel, and for their response to this Court's June 12, 2023 Order to Show Cause (ECF Doc. No 51), state as follows:

### PROCEDURAL BACKGROUND

On December 21, 2022, the Plaintiffs filed a Motion to Dismiss the case against Defendant. (ECF Doc. No 40.). Defendant responded to the motion and asked that the Court in the event of a dismissal with prejudice of Plaintiffs' claims, retain jurisdiction over the matter and allow Defendant to file a motion seeking an award of attorneys' fees and costs, and for the consideration of any other sanction the Court may deem appropriate under the circumstances. (ECF Doc. No 43, p. 10, at ¶¶ 28 and 29.) Defendant then referenced 15 U.S.C. ¶ 1692k(a)(3) and 28 U.S.C.

1

§ 1927 as statutory authority for its claim for attorneys' fees and costs. (ECF Doc 43, p. 10, ¶ 28.)

On June 12, 2023, this Court entered an Order approving and adopting the Final Report and Recommendation of the Magistrate which granted the Plaintiffs' Motion to Dismiss and denied Defendant's Motion for Summary Judgment as moot. (ECF Doc. No 51, p. 2.) The Order also directed Plaintiffs and their counsel to show cause why they should not be ordered to pay the reasonable attorney's fees of Defendant incurred in defending the action and if such an award of fees is opposed, show cause why Gary Hansz should not be deposed. (ECF Doc. No 51, p. 2.)

## INTRODUCTION

Defendant is asking this Court to award attorney's fees because Defendant believes that Plaintiffs' claims were both objectively frivolous and that had Plaintiffs' counsel conducted a reasonable inquiry, counsel would have been aware of the frivolity of Plaintiffs' claims. Defendant argues that Plaintiffs requested the dispute remark be removed from their credit files as part of an elaborate scam and scheme to manufacture claims against Defendant.

However, Plaintiffs filed and maintained this action because Defendant refused to remove the dispute remark upon Plaintiffs' request and prevented Plaintiff from refinancing a mortgage and emotional distress damages related to Defendant's failures. At that point, what else were Plaintiffs supposed to do? Plaintiffs filed this

action in good faith and did not unreasonably or vexatiously multiply the proceedings. When it became clearer to Plaintiffs' counsel that Plaintiffs' claims were put in question after their deposition testimony in this case, then the Plaintiffs sought dismissal of their complaint. Plaintiffs request that this Court deny Defendant's request for sanctions, attorney's fees, and costs for the reasons stated below.

## STATEMENT OF FACTS

Plaintiffs retained Credit Repair Lawyers of America as their attorneys in this case. On November 11, 2021, CRLA attorney Daniel Brennan filed a complaint on behalf of Plaintiffs against Defendant regarding Plaintiffs' August 17, 2021, dispute letter. (ECF Doc. No 1.) After Defendant filed its answer to the complaint, discovery began in the case. On July 28, 2022, Defendant took the depositions of Plaintiffs. Following the depositions, attorney Brennan left CRLA to pursue another job. CRLA then hired attorney Jack Downie to act as local counsel in this case. On September 15, 2022, attorney Jack Downie filed a Notice of Appearance as attorney for Plaintiffs. (ECF Doc. No 23.) On September 16, 2022, a Certification of Consent to Substitution of Counsel substituting attorney Downie for Brennan as counsel for Plaintiffs was filed.

Shortly thereafter, after review of attorney prior counsel's notes and discussions and previous approval from Plaintiffs, a Motion to Dismiss Plaintiffs'

Complaint With Prejudice was prepared. After Defendant did not agree to a dismissal without payment of their attorney's fees and costs, the Motion to Dismiss With Prejudice was filed. (ECF Doc. No. 28.) The reason given for the request of dismissal was Plaintiffs' untrue statements made during their depositions regarding their contact with a lender regarding a mortgage refinance. On October 4, 2022, Plaintiffs filed a Notice of Withdrawal of Plaintiff's Motion to Dismiss stating it was field in error. (ECF Doc. No 28.)

On October 4, 2022, Defendant served an Amended Notice of Deposition of Plaintiffs. (ECF Doc. No 29.) On October 7, 2022, an Application of attorney Gary Hansz Pro Hac Vice was submitted and on October 11, 2022, this Court entered an Order granting Mr. Hansz's PHV application. (ECF Doc No 30.) The supplemental deposition of Plaintiffs took place on October 13, 2022. After the deposition, on October 27, 2022, Defendant filed a motion for leave to depose attorney Hansz. (ECF Doc. No 33)

On December 5, 2022, attorney Joon Jeong filed a Notice of Appearance as attorney for Plaintiffs as he was taking over as local counsel for Plaintiffs. (ECF Doc. No 37.) Defendant filed a motion to extend the date to depose Gary Hansz and to respond to Plaintiffs' motion for summary judgment. (ECF Doc. No 38.) On December 21, 2022, Plaintiffs filed a second motion to dismiss with prejudice after

Defendant did not consent to the second dismissal motion without payment of its attorney's fees and costs. (ECF Doc. No 40.)

On December 29, 2022, Defendant filed a second motion to extend time to respond to the motion to dismiss. (ECF Doc. No 41) which the Court granted (ECF Doc. No 42.) On January 25, 2023, Defendant filed their response to Plaintiffs' motion to dismiss (ECF Doc. No 43) asking that if the motion to dismiss with prejudice is granted, that this Court retain jurisdiction for the imposition of discovery sanctions and a motion for sanctions and fees and costs. (ECF Doc. No 43.)

On May 19, 2023, the Magistrate issued a Final Report and Recommendation granting the motion to dismiss and directing the Plaintiffs and attorneys respond to show cause why they should not be ordered to pay the reasonable attorney's fees of Defendant incurred in defending the action and is such an award of fees is opposed, show cause why Gary Hansz should not be deposed.

In response, Plaintiffs and their attorneys respond as follows.

## LAW & ARGUMENT

"Our basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 126 (2015). In its motion, Defendant argues that this Court should deviate from the American Rule and award fees and

costs to Defendant under two separate authorities: (1) 15 U.S.C. § 1692k(a)(3) of the Fair Debt Collection Practices Act ("FDCPA"); and (2) 28 U.S.C. § 1927. As discussed below, each of Defendant's arguments in support of an award of fees and costs lacks merit.

### 1. <u>Plaintiff did not file this action in bad faith or for the purpose of harassment</u>

First, Defendant argues in it response to Plaintiffs' motion to dismiss that this Court should consider awarding attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) of the FDCPA. Defendant argues that Hansz and CRLA were the "driving force behind Plaintiffs' baseless claims and the withdrawal of Plaintiffs' first Motion to Dismiss." (ECF Doc No 43, p. 8,¶ 25.) Defendant also argues that Plaintiffs' claims have been meritless since the inception of this case and based upon filings that appear to have been made in bad faith and on untruthful allegations. (ECF Doc No 43, p. 8,¶ 25.)

"On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). "The Eleventh Circuit has not given any specific guidance on the meaning of 'in bad faith and for the purpose of harassment' in § 1692k(a)(3)." *Burgos v. Sun Trust Bank, N.A.*, No. 13-cv-21197, 2020 WL 2299937, at *3 (S.D. Fla. Mar. 31, 2020) (citation omitted). "However, courts in both our circuit and

elsewhere have set a high bar and have required evidence 'that a plaintiff **both** knew that his or her claim was meritless **and** pursued it with the purpose of harassing the defendant.'" *Id.* (collecting cases) (emphasis added).

"In assessing whether Plaintiff's conduct in pursuing this action is tantamount to bad faith, this Court focuses primarily on Plaintiff's conduct and motives, and not on the validity of this case." *Hinds v. Credigy Receivables, Inc.*, No. 07-cv-01081, 2008 WL 5381345, at *6 (M.D. Fla. Dec. 23, 2008). "Indeed, courts generally 'give the [p]laintiff the benefit of the doubt that the action was not filed in bad faith and for the purposes of harassment.'" *Branco v. Credit Colletions Servs., Inc.*, 2012 WL 1143562, at *1 (E.D. Cal. Apr. 4, 2012) (citations omitted).

Moreover, 15 U.S.C. § 1692k(a)(3) only refers to bad faith and intention to harass the defendant in the filing of the case, not in the further prosecution of the case. "[T]he other allegations regarding bad faith all relate to conduct that occurred after the action was filed, and so cannot support a finding that the action was brought in bad faith. Accordingly, the Court concludes that [the defendant] has not made a showing that would permit an award of attorneys' fees pursuant to § 1692k(a)(3)." *Arutyunyan v. Cavalry Portfolio Servs.*, No. CV-12-4122, 2013 WL 500542, at * 3 (C.D. Cal. Feb. 11, 2013) (brackets added).

In addition, contrary to the standard espoused in *Hinds, supra*, Defendant argues that the dismissal of Plaintiffs' case demonstrate that Plaintiffs filed this case

7

in bad faith and for the purposes of harassment. However, courts determine whether a case was filed in bad faith and for the purposes of harassment based on the plaintiff's conduct and motives, not on the ultimate validity of the case. *Hinds, supra*.

As discussed above, Plaintiffs did not file this action in bad faith or for the purpose of harassing Defendant, but rather because Defendant refused to remove the dispute remark upon their request. Plaintiffs' testimony at their first deposition regarding a refinance of their mortgage and other issues raised Plaintiffs' counsel's concerns. After a discussion with their attorney at the time Mr. Brennan it was agreed by Plaintiffs that their case should be dismissed. The Motion to Dismiss was filed and then later withdrawn after it was determined that although there were issues with Plaintiffs' testimony regarding the mortgage refinance, there were still emotional distress related damages related to the Defendant's failure to remove the dispute remark. After the Plaintiffs' second deposition and further discussion with the Plaintiffs with Plaintiffs' counsel, Plaintiffs' counsel's concerns were raised again about the Plaintiffs' credibility and willingness to continue their lawsuit. After further discussion with Plaintiffs regarding their representations in the case and the evolving status of Article III standing in similar cases before this Court and other courts, Plaintiffs agreed to again seek a dismissal of their case. A second Motion to Dismiss was filed and later granted by this Court. Under these circumstances,

Plaintiffs' claims were not brought in bad faith for purposes of harassment. Therefore, Plaintiffs and their attorneys request that this Court to deny Defendant's request for attorney's fees and costs under 15 U.S.C. § 1692k.

### 2. Plaintiffs' counsel did not unreasonably or vexatiously multiply the proceedings

Next, Defendant requests this Court to award attorney's fees against Plaintiff's counsel under 28 U.S.C. § 1927.

"To warrant sanctions pursuant to § 1927, an attorney must (1) 'engage in unreasonable and vexatious conduct'; (2) 'this conduct must multiply the proceedings'; and (3) 'the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct.'" *Dandar v. Church of Scientology Flag Serv. Org., Inc.*, No. 12-cv-2477, 2013 WL 593923, at 81 (M.D. Fla. Feb. 15, 2013) (citation omitted). "An attorney multiplies the proceedings unreasonably and vexatiously only when the attorney's conduct is so egregious that it is tantamount to bad faith, which turns on the objective conduct of the attorney." *Id.* "Bad faith is an objective standard that is satisfied when an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims." *Id.* "[N]egligence is not enough to award fees against counsel under 28 U.S.C. § 1927." *Czopek v. TBC Retail Group, Inc.*, No. 14-cv-675, 2015 WL 1837208, at *2 (M.D. Fla. Apr. 21, 2015).

9

Section 1927 "applies only to unnecessary filings and tactics once a lawsuit has begun." *In re Keegan Management Co., Securities Litigation*, 78 F.3d 431, 435 (9th Cir. 1996). "Section 1927 does not apply to initial pleadings, since it addresses only the multiplication of proceedings." *Matter of Yagman*, 796 F.2d 1165, 1187 (9th Cir. 1986).

"Sanctions under Section 1927 are 'punitive in nature and require clear and convincing evidence that sanctions are justified.'" *Barrett v. Medicredit, Inc.*, No. 17-cv-3251, 2019 WL 1327072, at *6 (N.D. Tex. Mar. 25, 2019), quoting *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 872 (5th Cir. 2014). "Section 1927 sanctions 'should be employed only in instances evidencing a serious and standard disregard for the orderly process of justice, lest the legitimate zeal of an attorney in representing [a] client [be] dampened.'" *Id.*, quoting *Lawyers Title*, 739 F.3d at 872.

As with its previous argument, Defendant argues that Hansz and CRLA were "the driving force behind Plaintiffs' baseless claims and the withdrawal of Plaintiffs' first Motion to Dismiss." (ECF Doc No 43, p. 8, ¶ 25.) Defendant also argues that Plaintiffs' claims have been meritless since the inception of this case and based upon filings that appear to have been made in bad faith and on untruthful allegations. (ECF Doc No 43, p. 8, ¶ 25.)

Plaintiffs deny that this action was filed in bad faith for the reasons stated above. Moreover, Section 1927 does not apply to the filing of the action, because it only concerns the multiplication of proceedings. *Matter of Yagman, supra*. Therefore, Defendant's request for sanctions under Section 1927 for the filing of the Complaint lacks merit.

Plaintiffs' first depositions made it clear that Defendant's refusal to remove the dispute remark did not affect the mortgage refinance. Plaintiffs' second deposition testimony also raised concerns about Plaintiffs' emotional distress damage claims and standing in this case. As soon as it became clear to Plaintiffs' counsel that there were issues with Plaintiffs' testimony and other statements made in this in this case, Plaintiffs' counsel and Plaintiffs took steps to avoid further litigation and proceedings by the filing of Plaintiffs' second motion to dismiss. However, Defendant continued to pursue its efforts in this case despite the motion to dismiss. Plaintiffs' counsel did not "knowingly or recklessly pursue[] a frivolous claim or engage[] in litigation tactics that needlessly obstruct the litigation of non-frivolous claims." *Dandar, supra* (brackets added). Therefore, Plaintiffs and their attorneys request that this Court deny Defendant's request for sanctions, attorney's fees, and costs under 28 U.S.C. § 1927.

### 3. **Attorney Gary Hansz's deposition is no longer necessary**

This Court's Order to show cause also directed if Plaintiffs and attorneys opposed an award of fees, they show cause why Gary Hansz should not be deposed. (ECF Doc. No 51, p.2.)  In response to this request, once the Plaintiffs' motion for dismissal was filed, there was no need to spend additional time and money on a deposition of Mr. Hansz.  Furthermore, upon the dismissal with prejudice of Plaintiffs' claims, any deposition of Mr. Hansz would no longer be relevant.  The only remaining matter in this case concerns Defendant's request for costs and attorney's fees.

## CONCLUSION

For the foregoing reasons, Plaintiff requests this Court not to deny Defendant's request for sanctions and the deposition of Gary Hansz.

Date: July 3, 2023                                  Respectfully submitted,

/s/ Joon Jeong
Joon Jeong
Georgia Bar No. 482317
1295 Old Peachtree Road, Ste 250
Suwanee, GA 30024
(678) 691-7905
info@jjeonglaw.com
*Attorneys for Plaintiff*

/s/ Gary Hansz
Gary Hansz

Pro Hac Vice Counsel
Credit Repair Lawyers of America
39111 Six Mile Road, Suite 142
Livonia, MI 48152
(248) 353-2882
Gary.hansz@crlam.com
*Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D

Pursuant to Local Rule 7.1D, the undersigned counsel certifies that this document has been prepared using Times New Roman 14-point font.

/s/ Joon Jeong
Joon Jeong

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the forgoing document using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney(s) of record:

| | |
|---|---|
| Avanti Bakane | Chad A. Schultz |
| abakane@grsm.com | Cshultz@grsm.com |

/s/Joon Jeong