## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MARSHALL BELL, II and
FELITA BELL,

                Plaintiffs,

        v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

                Defendant.

CIVIL ACTION NO.

1:21-cv-04819-JPB-RGV

## ORDER

This matter has been referred to the undersigned for a determination of the amount of attorney's fees and reasonable costs to be assessed against plaintiffs Marshall Bell, II and Felita Bell ("plaintiffs") and their counsel, Gary Hansz ("Hansz"), and awarded to defendant Portfolio Recovery Associates, LLC ("PRA"), following plaintiffs' dismissal of this action with prejudice.  [Doc. 51 at 2].[1]  PRA seeks attorney fees of $47,731.00 and costs of $1,170.95.  [Doc. 55 at 2]. For the reasons that follow, the Court grants the request *in toto*.

---

[1] The listed document and page numbers in citations to the record in this Order refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On December 1, 2023, the Court ruled that PRA is entitled to an award of its reasonable attorney's fees and costs pursuant to Federal Rule Civil Procedure 41(a)(2), [Doc. 53 at 16-17], and directed PRA to file a statement of its reasonable attorney's fees and costs, which it filed on December 30, 2023, [Doc. 54], as supplemented on January 3, 2024. [Doc. 55]. Plaintiffs and their current counsel, Hansz, filed a response, [Doc. 56], and PRA has filed a reply, [Doc. 57].

In the Order directing PRA to file a statement of its reasonable attorney's fees and costs, the Court ruled that the:

> record in this case presents exceptional circumstances supporting a partial award of attorney's fees and costs because it reflects a failure to perform an adequate pre-suit investigation with respect to plaintiffs' claims that was exposed during their first depositions, repeatedly seeking to dismiss the case with prejudice after inflicting costs on PRA, and persisting in pursuing the action and even moving for summary judgment after the second depositions of plaintiffs again raised concerns for counsel about plaintiffs' credibility and claims, which caused PRA to unnecessarily incur attorney's fees and costs.
>
> * * *
>
> PRA is entitled to an award of its reasonable attorney's fees and costs incurred after plaintiffs withdrew their first motion to voluntarily dismiss this action with prejudice on October 4, 2022. . . . [These shall include time spent] taking the second depositions of plaintiffs, filing the motion to depose Hansz, filing the motion for extension of time to depose Hansz and to respond to plaintiffs' motion for summary judgment, filing the response to plaintiffs' second motion to voluntarily dismiss this action with prejudice, and filing the statement in support of the award of attorney's fees and costs.

2

[Doc. 53 at 9, 16-17 (citation omitted)].

In support of their request for fees and costs, PRA includes a declaration of attorney Avanti Bakane ("Bakane"), [Doc. 54-1], with attached statements from October 3, 2022 through October 20, 2023, [Doc. 54-2 at 2-43], and an invoice for deposition transcripts, [id. at 44-45]. The declaration explains that PRA's counsel at Gordon Rees Scully Mansukhani, LLP ("GRSM") charged PRA as follows: (1) Bakane, at an hourly rate of $310 for 59.8 hours; (2) Neha Dagley ("Dagley"), at an initial hourly rate of $260 for 60.5 hours, and after December 31, 2022, at an hourly rate of $310 for 10.1 hours; (3) Jonathon Drews ("Drews"), at an hourly rate of $310 for 1.80 hours; and (4) Leonor Lagomasino ("Lagomasino"), at an hourly rate of $260 for 10.5 hours. [Doc. 54-1 ¶ 14]. In addition, paralegal Davina James billed at an hourly rate of $165 for 22.4 hours. [Id.].[2] In sum, PRC was billed for 142.7 hours by these attorneys, from October 3, 2022, through October 20, 2023. The amount of costs incurred for obtaining plaintiffs' deposition transcripts, $1,170.95, [Doc. 54-2 at 8, 44], is not in dispute. In addition, from December 2, 2023, through

---

[2] Each lawyer had at least 7 years of legal experience: Dagley was admitted to the Florida bar in 2004; Drews was admitted to the Illinois bar in 2014; Lagomasino was admitted to the Florida bar in 1988; and Bakane was admitted to the Illinois bar in 2009. [Doc. 54-1 at 2, 4].

December 30, 2023, GRSM billed PRA $3,348 for preparation of its fee statement. [Doc. 55 at 2; Doc. 55-2 at 2]. These included fees for services by Avanti Bakane at an hourly rate of $310 for 10.1 hours and Jonathon Drews at an hourly rate of $310 for 0.7 hours. [Doc. 55-1 at 4]. No expenses were incurred during that time frame. [Doc. 55-1 at 3].

## II.    LEGAL STANDARD

"The court has 'wide discretion' in calculating an attorneys' fee award" and "may consider its own knowledge and experience concerning reasonable and proper fees." Bamberger Rosenheim, Ltd. v. OA Dev., Inc., 1:15-CV-04460-ELR, 2018 WL 6137615, at *4 (N.D. Ga. Aug. 23, 2018) (citing Martinez v. Hernando Cnty. Sheriff's Off., 579 F. App'x 710, 713 (11th Cir. 2014) (per curiam) (unpublished); Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc., 572 F. App'x 796, 802 (11th Cir. 2014) (per curiam) (unpublished). The Court "'must articulate the reasoning behind its award or denial of attorney's fees in order to permit meaningful review.'" Id. (quoting United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC v. Wise Alloys, LLC, 807 F.3d 1258, 1275 (11th Cir. 2015)). In deciding a fee request, the Court is required to articulate the decisions it makes, give

principled reasons for these decisions, and show its calculation.  Id. (citing

Martinez, 579 F. App'x at 713).

### III.    DISCUSSION

Broadly speaking, plaintiffs argue that the amount of attorney's fees

requested is unreasonable, contending that "[d]efendant's timesheets are replete

with blatant overbillings," [Doc. 56 at 3], calling the number of hours billed by

multiple attorneys "redundant, excessive and unreasonable," [Id. at 4-6].  Plaintiffs

seek an across-the-board reduction of their requested fees by 75%, which would

result in a reduction of $23,308.75.  [Id. at 7].  PRA argues that "[m]uch like their

claims in the instant matter, [p]laintiffs' position [is] not grounded in law or fact."

[Doc. 57 at 3].

### A.  Reasonable Hourly Rate

Plaintiffs do not dispute the hourly rates set forth in the fee statement, and

the Court finds, based on its own judgment and knowledge and the record before

it, those rates are reasonable, particularly in light of the undisputed years of

experience of each of the attorneys.  A reasonable hourly rate is the prevailing

market rate in the relevant legal community for similar services by lawyers of

reasonably comparable skills, experience, and reputation.  Blum v. Stenson, 465

U.S. 866, 895 n.11 (1984).  Attorney Bakane has certified, and plaintiffs provide no

evidence to the contrary, that the rates charged to PRA, between $260 and $310 per hour, "are at or below the prevailing rate which lawyers of comparable skill and expertise can reasonably command in this industry."  [Doc. 54-1 ¶ 16]; see also [Doc. 55-1 ¶ 13].

**B.  Reasonable Hours**

Plaintiffs object to the number of hours expended on this case after October 4, 2022.  Their objections are broken down by each task performed, and the Court will address them *seriatim*.

1.  *Motion for Summary Judgment*

As to the preparation of the draft motion for summary judgment, plaintiffs argue this should not be reimbursable time because the motion was never filed, and asks the Court to deduct that amount in full from any fees award.  [Doc. 56 at 4].  Initially the motion for summary judgment was due on November 18, 2022, [Doc. 22]; however, one day before dispositive motions were due, on November 17, 2022, the Court extended the dispositive motion deadline to 30 days after Hansz's deposition was taken, [Doc. 34].  PRA responds that plaintiffs' objection to the fees incurred in preparation of the draft motion for summary judgment "def[ies] logic but [] also reach[es] the level of frivolity," [Doc. 57 at 5], noting that plaintiffs themselves filed a motion for summary judgment on November 18, 2022,

6

[Doc. 36].  The Court agrees with PRA and overrules plaintiffs' objections and finds that it is reasonable and in the interest of justice that PRA should be awarded fees and costs arising from its preparation of the draft motion for summary judgment in an effort to comply with the Court's original deadline, as plaintiffs themselves did in filing their motion for summary judgment.

Plaintiffs also seek a reduction of the fees sought by 75% to $4,792.50, on the basis that the hours expended on the draft motion for summary judgment were redundant.  [Doc. 56 at 4].  Plaintiffs take issue with the fact that the billing sought reimbursement for the work of two attorneys and one paralegal,[3] arguing "there were no novel issues or detailed factual history."  [Id. at 4].  In response, PRA argues that plaintiffs have failed to provide "specific" and "reasonably precise" objections and proof, [Doc. 57 at 6 (citing Wales v. Jack M. Berry, Inc., 192 F. Supp.2d 1313, 1320 (M.D. Fla. 2001) (internal marks omitted))].

Generalized objections are precisely the type discouraged by courts in fee petitions and are not entitled to much weight:

> In the final analysis, exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court.  The district court will, however, no doubt be benefited by evidence of prevailing views among practitioners in the area on such subjects.  *Generalized statements that the time spent was reasonable or unreasonable*

---

[3] Two lawyers spent 47.5 hours preparing the draft motion for summary judgment, [Doc. 54-2], and the paralegal spent 22.4 hours, [Doc. 54-2].

> *of course are not particularly helpful and not entitled to much weight.* As
> the district court must be reasonably precise in excluding hours
> thought to be unreasonable or unnecessary, so should be the
> objections and proof from fee opponents.

Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1301 (11th Cir. 1988)

(citation omitted) (emphasis added). Plaintiffs' failure to go further than a blanket

objection, when coupled with attorney Bakane's undisputed certification that "any

charges for tasks that are excessive, duplicative, clerical or otherwise

unreasonable" were removed after his review, [Doc. 54-1 at 5; Doc. 55-1 at 4], leads

the Court to conclude that reasonable hours were expended in preparation of the

draft motion for summary judgment.

As to duplication of efforts, "[l]itigants are not limited to representation by

a single attorney." Deitchman v. Bear, Stearns Sec. Corp., CASE NO. 07-60465-CIV-

MARRA/JOHNSON, 2008 WL 11332031, at *6 (S.D. Fla. June 30, 2008), (citing

Review Publ'ns v. Navarro, No. 89-1187-Civ-Kehoe, 1991 WL 252962, at *3 (S.D.

Fla. June 26, 1991), adopted by 2008 WL 11332032, at *2 (S.D. Fla. Aug. 7, 2008))).

"All attorneys who contribute their services to a case may be awarded reasonable

attorney's fees . . . even where work is partially duplicative." Id. (internal marks

omitted) (citing Dowdell v. City of Apopka, 698 F.2d 1181, 1188 (11th Cir. 1983)).

"A reduction is warranted only if the attorneys are *unreasonably doing the same*

*work*." Id. (emphasis in original) (internal marks omitted) (citing Johnson v. Univ. Coll. of Univ. of Ala. in Birmingham, 706 F.2d 1205, 1208 (11th Cir. 1983)). Plaintiffs have not shown unreasonable duplication of services.

### 2. *Motion to Dismiss*

Plaintiffs object to the fees assessed for reviewing and preparing a response to plaintiffs' motion to dismiss, which amounted to 13.9 hours. [Doc. 56 at 5]. Plaintiffs argue that the review by two attorneys of the second motion to dismiss was redundant, excessive, and unreasonable, and they seek a reduction by 75% from $3,639 to $909.75. [Id.]. As previously discussed, a blanket objection, without more, does not suffice. Bakane has certified that the fees were reviewed for excessiveness and duplication. [Doc. 54-1 at 5; Doc. 55-1 at 4]. In the Court's experience, the number of hours spent in reviewing and drafting a response to the motion to dismiss is not excessive.

### 3. *Motion to Depose Hansz*

Plaintiffs object to the fee request for 12.2 hours arising from PRA's drafting of the motion to depose plaintiffs' counsel Hansz, again on the grounds that multiple lawyers (this time, three: Bakane, Dagley and Lagomasino) assisted in preparation of the motion; plaintiffs seek a reduction by 75% to $909.75. [Doc. 56 at 5]. This objection is overruled. As previously discussed, no reduction is

9

necessary when multiple attorneys seek to be awarded fees in cases, so long as they have not unreasonably charged for doing the same work.  See Johnson, 706 F.2d at 1208.  The record evidence here supports a finding that no duplication occurred.

### 4. *Depositions of Plaintiffs*

Next, plaintiffs object to the fee request for 7.2 hours spent preparing, attending, and analyzing the depositions of plaintiffs.  [Doc. 56 at 6].  Attorney Bakane billed 3.9 hours, and attorney Dagley billed 3.3 hours.  [Doc 54-2 at 3-4].  Plaintiffs seek a reduction by 75% to $1,209, or in the alternative, an award for hours billed by attorney Bakane only.  Again, plaintiffs' arguments lack a specific basis for the reduction, and there is no evidence that both attorneys were unreasonably doing the same work.  The Court notes that in its experience it is not unusual for law firms to have two attorneys prepare for and attend depositions.

### 5. *Nationwide Developments*

Finally, plaintiffs object to the 16.2 hours billed for review of other cases and developments with plaintiffs' counsel nationwide; this amount totals $4,912.  [Doc. 56 at 6].  Plaintiffs argue that "[t]his case did not require spending unnecessary time developing a strategy against [Plaintiffs' counsel's law firm which brought identical claims on an identical theory] [] rather than defending the claims and

defenses raised in the lawsuit." [Id.].  Plaintiffs request that this amount be deducted from the total amount of fees requested, or alternatively, reduced by 75% to $1,228.  [Id.].  In response, PRA argues that this line of argument and strategy was specifically used in its briefing in support of its motion to depose attorney Hansz.  [Doc. 57 at 8 (citations omitted)].  A review of the filings supports this argument.

In its motion to depose attorney Hansz, PRA argued that "this is hardly the first instance in which [plaintiffs' counsel's firm] has been faced with a deposition, request for sanctions, or its clients a rule to show cause." [Doc. 33 at 11 (citations omitted)].  And, in its response to plaintiffs' second motion to dismiss, PRA argued that "Hansz and [plaintiffs' counsel's firm] . . . are clearly the driving force behind [p]laintiffs' baseless claims," [Doc. 43 at 8 (footnote omitted)], and "[plaintiffs' counsel's firm] has engaged in a pattern of prosecuting claims on their clients' behalf" and "engages in a pattern and practice of prosecuting these 'non-dispute' lawsuits," [Id. at 9 & n. 5].  The time spent researching and following developments in other cases was reasonable under the circumstances, particularly in light of the outcome.  Accordingly, plaintiffs' request that the $4,912 be deducted or, in the alternative, reduced by 75%, is denied.

**C.  Supplemental Fee Petition**

In the Court's order dated December 1, 2023, the Court specifically asked PRA to submit a "statement of its reasonable attorney's fees and costs incurred after October 4, 2022, including . . . filing the statement in support of the award of attorney's fees and costs."  [Doc. 53 at 17].  To that end, in its Supplemental Fee Petition PRA seeks attorney's fees for the time spent preparing the fee statement itself, specifically 10.1 hours billed by attorney Bakane, and 0.7 hours billed by attorney Drews, [Doc. 55-1 at 4], for a total amount of $3,348.00, [Doc. 55 at 2 (citation omitted)].  Plaintiffs do not object to this request, and it is deemed unopposed.

## IV.    CONCLUSION

Having considered the record in this case and the parties' submissions, the Court concludes that PRA is entitled to an award of reasonable attorney's fees and costs in the amount requested.  Accordingly, plaintiffs Marshall Bell, II, and Felita Bell and their counsel, Gary Hansz, shall jointly and severally pay reasonable attorney's fees and costs incurred by Defendant Portfolio Recovery Associates, LLC as set forth in the Fee Statement, [Doc. 54], and Fee Statement Supplement,

[Doc. 55], in the amount of $47,731.00 in fees and $1,170.95 in costs.

**IT IS SO ORDERED**, this 30th day of April, 2024.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

13